UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80621-CIV-RYSKAMP/VITUNAC

CHARLEMAGNE LOUIS-CHARLES,
and on behalf of others similarly
situated,

    Plaintiff,

v.

SUN-SENTINEL COMPANY, a foreign
corporation,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER PERMITTING COURT SUPERVISED NOTICE TO EMPLOYEES OF THEIR OPT-IN RIGHTS**

THIS CAUSE comes before the Court upon Plaintiff's Motion for an Order Permitting Court Supervised Notice to Employees of their Opt-in Rights **[DE 21]** filed on January 18, 2008. Included as Exhibit 1, Plaintiff also filed his affidavit in support of the motion. Defendant responded **[DE 29]** on February 4, 2008. Plaintiff replied **[DE 30]** on February 11, 2008. The motion is now ripe for adjudication.

**Background**

Plaintiff sues on behalf of himself and others similarly situated under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et seq*. Plaintiff worked as a district coordinator for Defendant. His primary job duty was to receive, count and compile the various newspapers at the distribution center and ensure that the newspapers were delivered. He was also responsible

for completing paperwork for the newspaper carriers. He alleges that Defendant failed to properly pay him overtime wages in accordance with the FLSA, and thus seeks, pursuant to 29 U.S.C. § 216(b), conditional class certification and authorization to send opt-in notification to other potential plaintiffs. Plaintiff seeks to join all district coordinators employed by Defendant who, over the last three years, worked over forty hours per week and were refused overtime pay. Defendants argue that Plaintiff does not meet the standard for conditional certification set forth in § 216(b) and therefore the motion should be denied.

**Class Certification and Notice Under The FLSA**

Section 216(b) states:

An action to recover the liability prescribed... may be maintained against any employer ... in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees *similarly situated*. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought....

29 U.S.C. § 216(b) (emphasis added). Accordingly, this Circuit has adopted a two step approach to certifying a class under the FLSA. Since this case is in early phases of the litigation, Plaintiff must first prove that there are other individuals who wish to become plaintiffs in this litigation. Second, he must show that he, and the members of the proposed class, are similarly situated.. *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001); *Dybach v. Florida Department of Corrections*, 942 F.2d 1560, 1567-68 (11th Cir. 1991). While plaintiff's burden at this stage of the litigation is low, the court must still satisfy itself that the test has been met. *Dybach* at 1567-68.

Class certification under 29 U.S.C. § 216(b) is different from class certification under Rule 23 and therefore the requirements of Rule 23 are not applicable to certification under §

216(b). *See*, Fed. R. Civ. P. 23; *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1248-49 (11th Cir. 2003).

In this case, Defendant argues that Plaintiff has provided insufficient evidence to show that other individuals wish to join this action. Plaintiff alleges in his affidavit that he "anticipate[s] that other current and former district coordinators will join this litigation if they are given notice of it and an opportunity to join it." Defendant argues that Plaintiff's mere anticipation that others wish to join the suit is insufficient.

In order for this Court to grant Plaintiff's motion, it must be satisfied that there is a reasonable basis to support Plaintiff's claims that others wish to join the litigation. *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983). To this end, mere argument of counsel and Plaintiff's own opinion that others wish to join the suit is insufficient. *Haynes*, at 887; *Horne v. United Services Auto Ass'n*, 279 F.Supp.2d 1231, 1236 (M.D. Ala. 2003).

Plaintiff seeks to distinguish this case from those cited by the Defendant. Although this Court agrees that this case is distinguishable from *Ulysses v. Divosta Bldg. Corp.*, 2006 WL 3618449 (S.D. Fla. December 11, 2006)(J. Ryskamp), the facts in *Horne* are not. In *Ulysses*, this Court declined to certify a class where Plaintiff's own deposition testimony and affidavits of potential class members showed that similarly situated individuals did not plan to join the litigation. Conversely, in *Horne*, the plaintiff stated that he "believes there are other appraisers who are similarly situated to him whom he *believes* would join in this lawsuit." *Horne* at 1233 (emphasis added). Plaintiff argues that in *Horne* the plaintiff's "belief" only related to the issue of whether the proposed class was similarly situated. Plaintiff has, however, ignored that Horne also "believed" that others would join the lawsuit. The Court held that Horne's belief on both

grounds was insufficient to certify the class.

This Court believes that Plaintiff's "anticipation" and Horne's belief are comparable. Plaintiff's anticipation is merely his own opinion. Since there is no evidence to show that any other potential plaintiffs affirmatively plan to join the lawsuit, this Court must deny certification.

Plaintiff also argues that Defendant failed to file any affidavits or sworn statements to counter Plaintiff's opinion that others wish to join the suit. As stated above, Plaintiff, rather than the Defendant, bears the burden of establishing that a class should be certified. Plaintiff cannot shift this burden to Defendant.

The Court having considered said Motion and the pertinent portions of the record, it is hereby,

ORDERED AND ADJUDGED that Plaintiff's motion for an Order Permitting Court Supervised Notice to Employees of their Opt-in Rights **[DE 21]** is **DENIED**.

DONE AND ORDERED in Chambers, at West Palm Beach, Florida, this 14 day of March, 2008.

    /s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

copies provided:
All counsel of record